# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORTHEAST PENNSYLVANIA
SMSA LP, d/b/a VERIZON WIRELESS,

 Plaintiff,

v.

THE SMITHFIELD TOWNSHIP BOARD
OF SUPERVISORS,

 Defendant.

3:17-CV-1521
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

This is an action for alleged violations of the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332(c)(7)(B), and an appeal under Pennsylvania's Municipalities Planning Code ("MPC"), 53 Pa. Stat. and Cons. Stat. Ann. §§ 10101, *et seq.*, from a denial of an application to place a wireless communications facility in Monroe County, Pennsylvania. Plaintiff Northeast Pennsylvania SMSA LP, d/b/a Verizon Wireless (the "Plaintiff" or "Verizon"), filed its Complaint, (Doc. 1), on August 25, 2017 against Defendant Smithfield Township Board of Supervisors (the "Defendant" or "Board"). Verizon alleges that the Board's decision to deny Verizon permission to build a ninety-five foot high monopole on property in Smithfield Township violates the TCA because its decision was not supported by "substantial evidence," 47 U.S.C. § 332(c)(7)(B)(iii), and because its decision "prohibit[ed] or [had] the effect of prohibiting the provision of personal wireless services," 47

U.S.C. § 332(c)(7)(B)(i)(II). Claiming the Court's supplemental jurisdiction, Verizon also alleges that the Board violated the MPC because its decision was not based on substantial evidence.

On November 16, 2017, the Board filed a Motion to Dismiss ("Motion"), (Doc. 8), for "lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(1), (b)(6), and, shortly thereafter, a nearly identical Brief in Support of its Motion, (Doc. 9). Verizon timely filed an Opposition to the Motion ("Opposition"). (Doc. 10). The Board did not submit a reply to the Opposition. Accordingly, the Motion is fully briefed and is ripe for adjudication. For the reasons that follow, the Court will deny the Board's Motion in its entirety.

## II. FACTUAL ALLEGATIONS

Verizon's Complaint alleges the following well-pleaded facts which, for the purposes of resolving the Board's Motion, the Court takes as true:[1]

Verizon "has been authorized by the Federal Communications Commission

---

[1] The Court notes that Verizon's 41 page, 122 paragraph Complaint, with numerous citations to case law, extensive legal argument, and use of conclusory statements, approaches the point of failing to be a "short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2), 10(b) (claims in pleadings should be "in numbered paragraphs, each limited as far as practicable to a single set of circumstances"). It is unacceptable by any standard of legal practice for complaints to "contain[] whole paragraphs of legal argument, quotations, and citations. . . ." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) (citing *Chevy Chase Bank, F.S.B. v. Carrington*, No. 09-cv-2132, 2010 WL 745771, at *4 (M.D.Fla. March 1, 2010)). Many parts of Verizon's Complaint would more appropriately be situated in a legal brief or memorandum. In the future, Verizon's counsel is advised to refrain from filing Complaints containing unnecessary legal argument, case citations and quotations, and leave purely legal argument in other submissions where it belongs, such as the Brief in Opposition it filed in this case.

2

("FCC") to operate a wireless telephone communications system within its designated frequency spectrum in Monroe County, Pennsylvania." (Doc. 1 ¶ 9). "Pursuant to a license granted by the [FCC], [Verizon] is required to provide reliable wireless telephone services to its customers." (Id. ¶ 10). Specifically, Verizon "must ensure that its telephone signal strength and wireless capacity is sufficient to provide proper reception and communication within its licensed area." (Id. ¶ 12). "Currently in the Smithfield Township area, there is an absence of, or a very weak, signal strength and increased wireless traffic resulting in poor wireless telephone and data service." (Id. ¶ 13). As a result, Verizon's "engineers have determined that the installation of a wireless communications facility, which would include a 95 foot monopole, is necessary to improve signal strength in the Smithfield Township area."[2] (Id. ¶ 14). Verizon selected a site for the facility and "entered into a lease agreement for a 75' x 75' parcel of land owned by RR2 Airport Road, LLC, located at 119 Airport Road in Smithfield Township" (the "Premises"). (Id. ¶ 15). The Premises occupies a small portion of the property owned by RR2 Airport Road, LLC, and, as the property owner's name and address would indicate, the Premises is near an airport (in this case, Stroudsburg Pocono airport). (Id. ¶¶ 68, 77).

"On or about February 23, 2017, [Verizon] submitted its conditional use application for the construction of the proposed communications facility (the "Application") to the

---

[2] Verizon's Opposition states that the ninety-five foot monopole would include a five foot lightning rod, for a total height of 100 feet. (Doc. 10 at 1). There is no mention of the lightning rod in the Complaint itself, although it is referenced in the Board's written decision denying the Application, which is attached to the Complaint, and which the Court can consider in its evaluation of the Board's Motion to Dismiss. (Doc. 1-2 at 2); *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

[Board]." (*Id.* ¶ 17). "In conjunction with its Application, [Verizon] presented testimony and evidence at public hearings in support of its request on April 26, 2017 and May 31, 2017." (*Id.* ¶ 19). This testimony and evidence included: a "FAA Determination of No Hazard to Air Navigation"; a Notice from the Pennsylvania Department of Transportation, Bureau of Aviation stating no objection to the proposed site, assuming the FAA had no objection; an "analysis of the topographic and vegetative conditions with respect to the location of the proposed facility"; a "Radio Frequency and Design Analysis" detailing the existing gap in wireless service and how the new facility would remedy the gap; and testimony from a radio frequency design expert and a site acquisition consultant. (*Id.* ¶¶ 82-87, 100-116). Several objectors to the Application testified at the hearing, mainly regarding the effect on nearby air traffic and parachuting skydivers. (*Id.* ¶¶ 76-79). Verizon alleges that "[n]one of the testimony or evidence presented by the Plaintiff was refuted or contradicted by the Defendant." (*Id.* ¶ 20).

On June 21, 2017, the Board denied the Application. (*Id.* ¶ 21). On July 26, 2017, the Board issued its written decision with respect to the denial of the Application. (*Id.* Exh. A). Verizon filed its Complaint on August 24, 2017. (Doc. 1).

### III. STANDARD OF REVIEW

#### A. FED. R. CIV. P. 12(B)(1)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."

4

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citations omitted).

> [T]he federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.

*Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). This rule "'springs from the nature and limits of the judicial power of the United States' and 'is inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)). Moreover, "the burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). This is because, since the federal courts' jurisdiction is strictly limited by Constitution and statute, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id.*

A motion to dismiss for lack of subject-matter jurisdiction is properly made under Federal Rule of Civil Procedure 12(b)(1). When a motion under Federal Rule of Civil

Procedure 12 is based on several grounds, a court should first consider a 12(b)(1) challenge because if it must dismiss the complaint for lack of subject matter jurisdiction, "all other defenses and objections become moot." *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D.Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994).

"A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).

> A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present. Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint. A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case – and here the District Court may look beyond the pleadings to ascertain the facts – do not support the asserted jurisdiction.

*Id.* at 358.

Thus, a Rule 12(b)(1) factual evaluation "may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-892 (3d Cir. 1977). However, "[a] factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted." *Id.* at 892 n.17. When a party files a motion attacking jurisdiction prior to filing an answer to the complaint or otherwise presenting competing facts, the motion is

6

"by definition, a facial attack." *Aichele*, 757 F.3d at 358. "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir.2012)). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Aichele*, 757 F.3d at 358 (citing *In re Schering*, 678 F.3d at 243).

### B. FED. R. CIV. P. 12(B)(6)

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations

in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal*, 556 U.S. 679).

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be

inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## IV. ANALYSIS

The Board seeks to dismiss all of Verizon's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6). (Doc. 9 at 1). The Board's arguments are straightforward and are addressed by the Court below.

### A. LACK OF JURISDICTION

The Court does not accept what it perceives to be the Board's circular subject-matter jurisdiction argument or its supplemental jurisdiction arguments. The Board asserts Verizon's Complaint lacks subject matter jurisdiction under Rule 12(b)(1) by pointing to the TCA's provision in 47 U.S.C. § 332(c)(7)(B)(ii)(v) relating to authorizations to place, construct, or modify personal wireless service facilities that only allows one to sue in "any [federal] court of competent jurisdiction" if "adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph [47 U.S.C. § 332(c)(7)(B)]." (Doc. 9 at 4-6). The Board contends that neither its zoning ordinances nor its decision to deny Verizon's Application to build the wireless facility on the Premises are "inconsistent" with the relevant requirements of the TCA in Section 332(c)(7)(B), namely because it asserts its decision was based on substantial evidence, § 332(c)(7)(B)(iii), and because it asserts the decisions did not "prohibit or have

the effect or prohibiting the provision of personal wireless services," § 332(c)(7)(B)(i)(II).[3] (Doc. 9 at 6-7). Thus, the Board asserts the circular argument that since there has been no violation of federal law, this Court does not have subject matter jurisdiction. (*Id.*) Then, as a consequence of this alleged jurisdictional deficiency, the Board argues that the Complaint fails to state a claim upon which relief can be granted, and so should be dismissed pursuant to Rule 12(b)(6). (*Id.* at 7). The Board also argues that because the federal law claims should be dismissed, the Court can decline to exercise supplemental jurisdiction over Verizon's state law claim under the MPC. (*Id.* at 10); 28 U.S.C. § 1367(c)(3). And it further cites Pennsylvania state law to argue that Verizon should have brought its appeal of the Board's decision in state court. (Doc. 9 at 3); *see* 53 Pa. Stat. and Cons. Stat. Ann. §§ 11001-A, 11002-A. Verizon responds by stating that the TCA creates a federal cause of action in the type of case presented here, where it alleges that the Board denied its permit application without substantial evidence and when the decision has the effect of prohibiting personal wireless services. (Doc. 10 at 9-16). Verizon also contends that that the Court should exercise its supplemental jurisdiction over its MPC claims, as it arises under the same case or controversy as the TCA claims. (Doc. 10 at 22-23).

The Board's argument largely conflates the requirements of Rule 12(b)(1) and 12(b)(6). The Board's mistaken contention is that the Court does not have subject-matter

---

[3] The Board also argues that it met the other requirements of § 332(c)(7)(B), such as acting on the Application within "a reasonable period of time," § 332(c)(7)(B)(iii). (Doc. 9 at 6-7). The Court will not address this or other irrelevant requirements in this Opinion, as Verizon does not allege that the Board violated the TCA's requirements other than failing to base its decision on substantial evidence and the decision's effect on the provision of wireless services.

10

jurisdiction because the Board did not violate federal law. This argument, relying as it does, on the Defendant's assertions that the Board correctly denied Verizon's application and that its denial is assertedly based on substantial evidence, such that the Plaintiff's action should be dismissed, does not in any way address whether this Court is vested with authority to hear and decide this dispute. In other words, this argument does not address whether this Court has subject matter jurisdiction. That question is squarely resolved by the conferral of subject matter jurisdiction on actions such as this type set forth in 47 U.S.C. Section 332 (c)(7)(B)(v):

> Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence as action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis . . .

The Court also rejects the remainder of the Board's argument regarding the Court's supplemental jurisdiction over Verizon's state law claim. As Verizon has pled in its Complaint, the Court can exercise its supplemental jurisdiction over the claim under the Pennsylvania Municipalities Planning Code. (Doc. 1 ¶ 4); 28 U.S.C. § 1367(a). Numerous federal courts in this Circuit have done so in similar cases under the TCA and MPC involving placement of wireless communications towers. *See, e.g., Ogden Fire Co. No. 1 v. Upper Chichester Twp.*, 504 F.3d 370 (3d Cir. 2007); *Horvath Towers III, LLC v. Zoning Hearing Bd. of Butler Twp.*, 247 F. Supp. 3d 520 (M.D. Pa. 2017); *Global Tower, LLC v. Hamilton Twp.*, 897 F. Supp. 2d 237 (M.D. Pa. 2012). Indeed, the "substantial evidence"

11

standard used to evaluate a challenge of a permit denial under the TCA is the same as that under the MPC, and so a court's exercise of supplemental jurisdiction in a case like the instant matter is reasonable. *Horvath Towers*, 247 F. Supp. 3d at 535. Thus, the Court has jurisdiction over all of Verizon's claims.

## B. Failure to State a Claim

The Court also finds that Verizon has alleged a plausible factual basis for its claims, and will reject the Board's Rule 12(b)(6) argument. This argument is indistinguishable from the Board's main Rule 12(b)(1) argument: the Board contends it has not violated the TCA because it complied with the TCA. (Doc. 9 at 10 ("The Township's Motion to Dismiss filed against Verizon Wireless should be granted as the local municipality's conditional use decision does not conflict with federal law . . . .").[4] Verizon responds that it has alleged plausible claims in its Complaint. (Doc. 10 at 16-21).

"The TCA expressly preserves the traditional authority enjoyed by state and local government to regulate land use and zoning, but places several substantive and procedural limits upon that authority when it is exercised in relation to personal wireless service facilities. . . ." *APT Pittsburgh Ltd. P'ship v. Penn Twp. Butler Cty. of Pa.*, 196 F.3d 469, 473 (3d Cir. 1999) (citing 47 U.S.C. § 332(c)(7)). Verizon alleges that the Board exceeded two of these limits when denying Verizon's request to build the wireless facility: (1) the

---

[4] The Board does not appear to make the same failure-to-state-a-claim argument with respect to Verizon's MPC claim. Instead, as discussed above, it contends that the Court should not exercise its supplemental jurisdiction over the MPC claim.

requirement that the decision of the authority "to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record," 47 U.S.C. § 332(c)(7)(B)(iii); and (2) that the decision "shall not prohibit or have the effect of prohibiting personal wireless services," 47 U.S.C. § 332(c)(7)(B)(i)(II).

> The Third Circuit has opined on the "substantial evidence" standard:
>
> Substantial evidence is a legal term of art. It "does not mean a large or considerable amount of evidence, 'but rather such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). A court reviewing under the substantial evidence standard "is not to weigh the evidence contained in that record or substitute its own conclusions for those of the fact finder," but rather is to "determine whether there is substantial evidence in the record as a whole to support the challenged decision." *AT&T Wireless v. Zoning Board of Adjustment of the Borough of Ho-Ho-Kus*, 197 F. 3d 64, 71 (3d Cir.1999).

*Omnipoint Commc'ns Enters., L.P. v. Zoning Hearing Bd. of Easttown Twp.*, 248 F.3d 101, 106 (3d Cir. 2001).

Also in *Omnipoint*, the Third Circuit summarized the test for determining if the decision to deny construction of a wireless facility has "the effect of prohibiting the provision of personal wireless services" under 47 U.S.C. § 332(c)(7)(B)(i)(II):

> In *Penn Township* we established a two-prong test to determine if the decision of a local zoning authority has "the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II). It requires that the service provider first "show that its facility will fill an existing significant gap in the ability of remote users to access the national telephone network." *Penn Township*, 196 F.3d at 480. If this burden is met, the provider must still prove

"that the manner in which it proposes to fill the significant gap in service is the least intrusive on the values that the denial sought to serve." *Id.*

*Omnipoint*, 248 F. 3d at 109.

Accepting all of the Verizon's well-pleaded allegations in its Complaint as true, the Court finds that Verizon has stated a claim that the Board violated the TCA on both of its TCA claims. (Doc. 1 ¶¶ 62-93 (addressing why the Board's decision was not based on substantial evidence), 99-113 (addressing why the Board's decision prohibits or has the effect of prohibiting the provision of personal wireless services)). For example, the Complaint discusses the zoning plan Verizon submitted to the Board and alleges that the plan was sufficient to dispel the Board's conclusion in its decision that Verizon did not present evidence that the proposed site conformed with the local zoning ordinance. (*Id.* ¶¶ 62-73). And, citing testimony it presented to the Board, the Complaint also alleges that the wireless facility would fill a "significant gap in service" and would be the least intrusive means of doing so. (*Id.* ¶¶ 99-117). Thus, the Court will deny the Board's 12(b)(6) argument, and deny its motion to dismiss in its entirety.

However, the Court notes that the parties have not provided a transcript of the Board's hearings and other factual material relied upon by the Board in making its decision. The proper resolution of this matter will require an evaluation of the Board's decision as to whether it is supported by substantial evidence, which will require an evaluation of the full evidentiary record made in the proceedings before the Board. *See Horvath Towers*, 247 F. Supp. 3d at 526-27 (procedural history of matter was filing of the complaint and then cross-

motions for summary judgment); 47 U.S.C. § 332(c)(7)(B)(v) (federal "court shall hear and decide such action on an expedited basis"). Accordingly, in its previous March 8, 2018 scheduling order to the parties, the Court implemented a stay of pretrial deadlines pending the disposition of the motion to dismiss, and directed the parties to file potentially dispositive motions within thirty days of the Court's ruling on the motion to dismiss. (Doc. 14). That scheduling order remains in effect.

## V. Conclusion

For the reasons outlined above, the Court will deny Defendant's Motion in its entirety. A separate order follows.

Robert D. Mariani
United States District Judge